IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

AARON RICE, et al.,

           Plaintiffs,

v.                                                  CIVIL ACTION NO. 2:19-cv-00228

SAFECO INSURANCE OF AMERICA,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion to Remand. (ECF No. 3.) For the reasons that follow, the Court **GRANTS** the motion and **REMANDS** this case to the Circuit Court of Wood County, West Virginia.

## I.     BACKGROUND

This case arises out of an automobile accident involving Plaintiff Aaron Rice and another vehicle on U.S. Route 14 in Parkersburg, West Virginia. (ECF No. 1-1 at 6 ¶ 6.) The complaint was filed in the Circuit Court of Wood County, West Virginia, on November 7, 2018, naming Defendants Safeco Insurance of America ("Safeco") and Jurado Agency, LLC d/b/a Jurado McLead Insurance ("Jurado"). (*Id.* at 5.) In the complaint, Plaintiffs allege that Safeco, a Washington corporation with its principal place of business in New Hampshire, engaged in bad faith settlement practices in violation of the West Virginia Unfair Trade Practices Act, W. Va. Code § 33–11–4(9), *et seq*. (*Id.* at 5 ¶ 3, 7–8 ¶¶ 14–18.) They further allege that Jurado, a West

Virginia limited liability company, negligently failed to procure adequate insurance coverage for Plaintiffs. (*Id.* at 6 ¶ 4, 9–10 ¶¶ 19–31.)

On December 19, 2018, Jurado filed a motion to dismiss for failure to state claim under West Virginia Rule of Civil Procedure 12(b)(6). (ECF No. 4-3.) The motion was set for hearing in the circuit court on February 15, 2019. Safeco was not present at the hearing due to an administrative error. (ECF No. 4-5 at 2.) Nevertheless, the state court orally granted Jurado's motion to dismiss at the hearing and directed the parties to submit a proposed order dismissing Jurado from the suit. (*Id.* at 5; ECF No. 4-6 at 2.) On February 21, 2019, Jurado circulated a proposed dismissal order to Plaintiffs' and Safeco's counsel for approval. (*Id.*) On March 14, 2019, the circuit court entered the written dismissal order. (ECF No. 4-5.) The dismissal eliminated the only non-diverse defendant from the action and created complete diversity of citizenship among the parties. Recognizing the newly created diversity, Safeco removed the case to this Court under 28 U.S.C. § 1446 on March 28, 2019. (ECF No. 1.)

On April 3, 2019, Plaintiffs filed the pending motion to remand arguing that the case became removable on February 21, 2019, when Jurado sent Safeco a proposed order dismissing Jurado, the only non-diverse defendant in the suit. Because the notice of removal was filed 35 days later, on March 28, 2019, Plaintiffs contend that the removal is untimely and that 28 U.S.C. § 1446(b)(3) requires remand to state court. (ECF No. 4.) Safeco filed a response on April 17, 2019, arguing that the case did not become removable until the state court entered the order formally dismissing Jurado on March 5, 2019. As the notice of removal was filed on March 28, 2019, Safeco avers that the removal was timely. (ECF No. 5.) On April 18, 2019, Plaintiffs filed a reply. (ECF No. 6.) As such, the motion is fully briefed and ripe for adjudication.

## II.     LEGAL STANDARD

Absent federal question jurisdiction, removal is only proper if there is complete diversity between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. 1332(a). Complete diversity exists if at the time of filing the notice of removal "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Generally, a defendant must file a notice of removal within thirty days following receipt of the complaint. *See* 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant" of a "paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The removing party bears the burden of showing that federal jurisdiction exists and that removal is proper. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Any doubts about the propriety of removal must be strictly construed in favor of remand. *Id.*; *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)).

## III.     DISCUSSION

While the parties focus their dispute in the present motion on the procedural requirements of removal under 28 U.S.C. § 1446(b), the factual circumstances of Jurado's dismissal presents a hurdle to consummate removal. Regardless of whether circulation of the proposed order or the state court's entry of the dismissal order triggered the thirty-day removal period, the so-called "voluntary-involuntary dismissal rule" precludes removal of this action to federal court. *See, e.g., Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988). This judicially created doctrine prohibits federal courts from exercising diversity jurisdiction over a case that has

been removed after the involuntary dismissal of the non-diverse defendants as opposed to some voluntary action on the part of the plaintiff. *Id.* (stating that, while diversity is generally established at the time of removal, "a case may nevertheless not be removable depending on whether the non-diverse party [was] eliminated from the state action by voluntary or involuntary dismissal.") (citation omitted). The trend among federal courts "appears to retain the distinction" between the involuntary dismissal and voluntary dismissal of non-diverse parties with regard to the propriety of removal. *Id.* (citing 14 B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3723 (3d ed.1998)). *See also Poulos v. Naas Foods, Inc.*, 959 F.2d 69 (7th Cir. 1992) (applying the voluntary-involuntary dismissal rule); *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir. 1967) (precluding removability where nonresident defendant was dismissed by virtue of a directed verdict); *Insinga v. LaBella*, 845 F.2d 249 (11th Cir. 1988) (recognizing the doctrine).

This case falls squarely within the scope of the voluntary-involuntary dismissal doctrine. The record demonstrates that the state court dismissed the only non-diverse party from this action over the objections of Plaintiffs. Thus, the dismissal was involuntary. While fraudulent joinder operates as an exception to the voluntary-involuntary dismissal doctrine, *see Farley v. Argus Energy, LLC*, No. 2:08-cv-00818, 2008 WL 2789948, at *2 (S.D. W. Va. 2008), no such claim has been asserted here. Accordingly, the voluntary-involuntary dismissal doctrine applies as a complete bar to removal in this case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand, (ECF No. 3), is **GRANTED**, and this matter is hereby **REMANDED** to the Circuit Court of Wood County, West Virginia, for

further proceedings. The Court further **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Clerk of the Circuit Court of Wood County, counsel of record, and any unrepresented party.

ENTER: May 22, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE